UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS BRITTENHAM,

        Plaintiff,

v.                                          CIVIL ACTION NO.: 10-10257
                                          HONORABLE PATRICK J. DUGGAN

DR. DINSA and
JOHN McCARTHY,

        Defendants.

_____/

## ORDER OF DISMISSAL

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on April 20, 2010.

Plaintiff Dennis Brittenham, a state prisoner housed at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed two *pro se* civil rights complaints, which have been joined in one pleading. In his first complaint, Plaintiff names Dr. Dinsa as the sole defendant. The complaint appears to allege that Dr. Dinsa prescribed various medications for Plaintiff without first seeing him as a patient and the medications interacted with each other. Furthermore, according to Plaintiff, he injured his head, was found to be mentally ill, and was forced to take medication even though he is not mentally ill. He seeks a psychological test for mental illness, a test performed on his head, "real doctors" to help him, and three billion dollars in damages. Plaintiff has filed at least three other lawsuits against Dr. Dinsa alleging the same or similar claims. *See Brittenham v. Dinsa*, Nos. 09-14025, 09-14914, 10-10482 (E.D. Mich.).

In the second complaint, Plaintiff seeks seven hundred million dollars in damages from John McCarthy, a psychiatrist in Ionia, Michigan. Plaintiff alleges that Dr. McCarthy also gave him medications that interacted.

## I. Federal Rule of Civil Procedure 11

The Court begins its discussion by noting that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record . . . or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). This rule

> requires that a pro se plaintiff sign any document submitted to the court as certification that the document is not being submitted for an improper purpose and that the document's legal claims and factual allegations are warranted. The rule also empowers the court to "impose an appropriate sanction" on a party who violates the rule. Fed. R. Civ. P. 11(c). "[T]he central purpose of Rule 11 is to deter baseless filings in district court. . . ." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S. Ct. 2447, 110 L. Ed.2d 359 (1990).

*Garrison v. Michigan Dep't of Corr.*, 333 Fed. Appx. 914, 920 (6th Cir. 2009).

Plaintiff has not signed his complaints, nor his applications for leave to proceed without prepayment of the fees and costs for this action. He obviously understands the significance of signing his documents because he wrote "refuse to sign" on one of his complaints and on one of his applications for leave to proceed without prepayment of fees and costs. Furthermore, at least one other case filed by Plaintiff has been dismissed based on his failure to comply with Rule 11 of the Federal Rules of Civil Procedure. *See Brittenham v. Dinsa*, No. 09-14914 (E.D. Mich. March 29, 2010.)

The Court concludes that Plaintiff has willfully failed to sign his papers. "[T]he

lenient treatment generally accorded to pro se litigants has limits," and when a pro se litigant fails to comply with an easily understood court rule, the Court need not treat him any differently than a represented litigant. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The complaints therefore are subject to dismissal for failure to comply with Federal Rule of Civil Procedure 11(a).

## II. The Merits of Plaintiff's Allegations

The Court also finds that the allegations in the complaint fail to state a claim for which relief may be granted. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. An indigent prisoner's civil rights complaint against a governmental entity, officer, or employee may be dismissed if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Correctional Medical Services,* 555 F.3d 543, 549 (6th Cir. 2009)). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). The complaint must set forth "enough facts to

state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007).

Although the Eighth Amendment requires prison officials to ensure that inmates receive medical care and take reasonable measures to guarantee the safety of inmates, such claims include both objective and subjective components. *Mingus v. Butler,* 591 F.3d 474, 479-80 (6th Cir. 2010). As to the objective component, Plaintiff must establish a sufficiently serious medical need that is obvious even to a lay person. *Id.* at 580. Then, as to the subjective component, Plaintiff must establish that defendants acted with "deliberate indifference" to his health or safety. *Id.* "Deliberate indifference" is established by a showing that defendants knew of and disregarded an excessive risk to Plaintiff's health or safety. *Id.* Incidents of mere negligence and misdiagnosis are insufficient to establish Eighth Amendment violations. *Id.* Additionally, "a difference of opinion between a prisoner and a doctor over diagnosis or treatment . . . fails to state an Eighth Amendment claim of deliberate indifference to a serious medical need." *Brock v. Crall*, No. 00-5914, 8 Fed. Appx. 439, 440 (6th Cir. April 27, 2001).

Under these standards, Plaintiff's complaints against Dr. Dinsa and Dr. McCarthy fail to state claims upon which relief may be granted. Plaintiff has not alleged any injury as a result of forced medication or the interaction of various medications. Even if the Court were to assume that Plaintiff has alleged "the existence of a sufficiently serious medical need," he has not shown that the defendants knew of, and disregarded, an excessive risk to inmate health or safety. At worst, he has shown mere negligence or a

4

misdiagnosis of mental illness. To the extent Plaintiff seeks a "real" doctor, he has no constitutional right to choose his doctor, *Brennan v. Wall*, No. 08-4195, 2009 WL 196204, at *4 (D. R.I. Jan. 26, 2009), or his course of treatment, *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). The Court therefore concludes that Plaintiff has failed to establish a violation of his rights under the Eighth Amendment.

Accordingly,

**IT IS ORDERED** that the complaints are **DISMISSED** for failure to state a claim and for failure to comply with Federal Rule of Civil Procedure 11(a).

**IT IS FURTHER ORDERED** that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997). Therefore, if Plaintiff appeals this decision, he may not proceed without prepayment of the appellate filing fee.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copy to:
Dennis Brittenham, #252929
Gus Harrison Correctional Facility
2727 E. Beecher Street
Adrian, MI 49221